UNITED STATES of America,
Plaintiff–Appellee,

v.

Victor ALEJO–HERNANDEZ, a/k/a Manuel Sosa Perez, a/k/a Miguel Ascncio Bautista, a/k/a Alfonso A. Zinzono, a/k/a Asencio Jose, a/k/a Juan Jimenez–Alejo, a/k/a Victor Hernandez, a/k/a Miguel Ascnio Bautista, a/k/a Miguel Bautista, a/k/a Ascnio Bautista, a/k/a Manuel Perez Sosa, a/k/a Juan Alego Jimenez, a/k/a Michael Bautista, a/k/a Gaibriel Canvto Alejo, a/k/a Jimenez Jorge Aguilar, a/k/a Alfonso Asejo Sinsun, a/k/a Miguel Ascnio, a/k/a Victor Ernantes Alejo, a/k/a Gabriel Calvto Alejo, a/k/a Jorge Aguilar–Jimenez, a/k/a Jose Luis Asencio, a/k/a Jorge Agila, Defendant–Appellant.

No. 01–4082.

United States Court of Appeals,
Fourth Circuit.

Submitted Sept. 20, 2001.

Decided Sept. 28, 2001.

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, NC, for appellant. Walter C. Holton, Jr., United States Attorney, Arnold L. Husser, Assistant United States Attorney, Greensboro, NC, for appellee.

Before LUTTIG, KING, and GREGORY, Circuit Judges.

## OPINION

PER CURIAM.

Victor Alejo–Hernandez appeals from his eighty-eight-month sentence imposed following his guilty plea to the offense of unlawful reentry into the United States by a deported alien felon. 8 U.S.C.A. § 1326(a), (b)(2) (West 1999). Hernandez's counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that there were no meritorious issues for appeal, but addressing the possibility that the sentence was improper. Hernandez was informed of his right to file a pro se brief, but has not done so. Because our review of the record discloses no reversible error, we affirm in part and dismiss in part.

■ We find that Hernandez's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed.R.Crim.P. 11. Hernandez was properly advised as to his rights, the offense charged, and the maximum sentence for the offense. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises. *See North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *United States v. DeFusco,* 949 F.2d 114, 119–20 (4th Cir.1991).

■ We find that the district court properly computed Hernandez's offense level and criminal history category and correctly determined the applicable guideline range of seventy-seven to ninety-six months. The court's imposition of a sentence within the properly calculated range is not reviewable. *United States v. Jones,* 18 F.3d 1145, 1151 (4th Cir.1994).

■ Hernandez challenges the court's failure to depart based on the effect his incarceration will have on his family. Because there is no indication on the record that the court misunderstood its authority to depart, we do not review the district court's decision not to depart. *See United States v. Bayerle,* 898 F.2d 28, 30–31 (4th Cir.1990). Accordingly, we dismiss this portion of the appeal.

As required by *Anders,* we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Hernandez's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, DISMISSED IN PART.*